EDWARD M. WOLKOWITZ (SBN 68298)
800 S. Figueroa Street, Suite 1260
Los Angeles, CA 90017
Telephone: (310) 229-3367
Facsimile:  (213) 627-7194
Email:  emw@lnbrb.com

Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LORENZO MALDONADO,<br><br>            Debtor. | Case No. 2:09-bk-22101-SB<br><br>Chapter 7<br><br>**APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY COLDWELL BANKER AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE SAMUEL L. BUFFORD, UNITED STATES BANKRUPTCY JUDGE:**

Edward M. Wolkowitz, the Chapter 7 Trustee (the "Trustee," or "Applicant") for the estate of Lorenzo Maldonado, debtor herein (the "Debtor"), respectfully applies for authority to employ Coldwell Banker ("Broker") as the Trustee's real estate broker pursuant to an Exclusive Authorization & Right to Sell Agreement for six (6) months, commencing upon entry of this Court's order approving the Application.  In support, the Trustee represents as follows:

1. On May 18, 2009, the Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code.

2. Applicant is the Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Among the Debtor's scheduled assets is real property located at 7853 Dorothy Street, Rosemead, California 91770 ("the Property").

4. In order to realize upon the value in the Property, the Trustee will require the aid of a licensed real estate broker to market and sell the Property effectively, provide assistance concerning the structure of any potential sales of the Property, and assist the Trustee in negotiation and documentation of various transactions regarding the sale of the Property.

5. Selling the Property for the benefit of the creditors is essential to the effective administration of the estate. The Trustee believes that employing Broker to market the Property will best accomplish this goal.

6. The Trustee proposes to hire Broker, through its agent, Laura J. Davis, as his real estate broker, for a period of six (6) months, commencing upon entry of this Court's order.

7. The Trustee has agreed to pay a six percent (6%) commission in connection with the listing and sale of the Property. However, Broker will accept such compensation as the Court deems reasonable.

8. The Trustee requires a professional real estate broker's assistance to accomplish the following tasks:

    a. To order, analyze, and prepare all documentation necessary to list and advertise the Property for sale.

    b. To list the Property with the most propitious listing services available; to show the Property as necessary and respond to potential purchasers' inquiries; and to solicit reasonable offers of purchasers.

    c. To convey all reasonable purchase offers to the Trustee and the Trustee's counsel, if any, and subject to the Trustee's approval, to negotiate, and confirm the acceptance of the best offer.

    d. To cause to be prepared and submitted to escrow on behalf of the Trustee any and all documents necessary to consummate a sale of the Property.

9. Attached hereto as <u>Exhibit 1</u> and incorporated herein by reference is a copy of the proposed agreement for the sale of the Property.

10. The Trustee is informed and believes, and based thereon alleges, that Broker and its agent, Laura J. Davis, have no connection with the Trustee, the Debtor, their creditors, the Office of the United States Trustee ("OUST") or any employees of the OUST, bankruptcy judges, or any other party in interest, and hence, that they neither represent nor hold an interest adverse to the estate and are "disinterested persons" as that term is used in the Bankruptcy Code. Based upon Laura J. Davis' declaration, it appears that Broker holds no pre-petition claims against the estate.

11. Laura J. Davis advises the Trustee that she has a license to sell real Property in the State of California and is

experienced in dealing with real properties, such as the Property, in the area in which the Property is located. (<u>See</u> Declaration of Laura J. Davis, attached hereto.)

12. The Trustee has given notice of this Application, pursuant to Local Bankruptcy Rule 2014-1(b)(2).

WHEREFORE, the Trustee prays for an entry of order authorizing him to employ Broker as his real estate broker, at the expense of the estate, and to authorize him to execute an Exclusive Authorization & Right to Sell Agreement with Broker, on the terms and conditions set forth in <u>Exhibit 1</u> attached hereto, and for all other further and proper relief as the Court deems appropriate.

DATED: April *14*, 2010

EDWARD M. WOLKOWITZ
Chapter 7 Trustee

4

Maldonado/4619.1/lr/app.realtor.doc

**DECLARATION OF LAURA J. DAVIS**

I, Laura J. Davis, do hereby declare:

1. This Declaration is made in support of the foregoing Application to Employ Coldwell Banker as Real Estate Broker and to Enter into Exclusive Listing Agreement, filed by Edward M. Wolkowitz, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Lorenzo Maldonado (the "Debtor"). The following statements are true of my own personal knowledge, except as to those matters which are herein stated upon my information and belief, and as to those matters, I believe them to be true.

2. I am a California-licensed real estate agent with Coldwell Banker ("Broker"), which the Trustee seeks to employ by the attached Application.

3. Subject to the terms, conditions, and approval provided in the Application by which the Trustee seeks to employ Broker as listing agent for the Debtor's real property located at 7853 Dorothy Street, Rosemead, California 91770 ("the Property"), and described in Exhibit 1 to the Application, Broker desires to be so employed.

4. Attached hereto as Exhibit 2 and incorporated herein by reference is a copy of my Resume, more fully setting forth my expertise.

5. Broker is a well-established real estate brokerage firm with experience marketing and selling real properties in the Southern California area where the Property is located.

6. The other brokers, agents, and support staff who will handle this matter, including myself, are experienced in

5

marketing and selling real properties of similar kind and condition as that of the Property and are thus well-qualified to assist in the promotion and sale of the Property. As indicated in the Resume attached to this Declaration as <u>Exhibit 2</u> and incorporated herein by this reference, I have specialized in the listing, promotion, negotiation, and sale of properties similar to the Property.

7. To the best of my knowledge, Broker is not connected with the Trustee, the Debtors, any creditor or other person in interest, or their respective attorneys, the Office of the United States Trustee ("OUST") or employees of the OUST, bankruptcy judges, or with the Debtors' estate.

8. I am informed and believe that Broker and its agents, associates, and employees are disinterested persons as the term is defined in 11 U.S.C. § 101(14), and I:

    a. am not a creditor, an equity security holder, or an insider of the Debtors;

    b. am not and was not, within 2 years before the date of filing the petition, a director, officer, employee of the Debtors;

    c. do not have an interest materially adverse to the interests of the estate of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason; and

    d. am not a relative or employee of the OUST or a bankruptcy judge.

Maldonado/4619.1/lr/app.realtor.doc

9. Broker is not a pre-petition creditor of the Debtors' estate.

10. Broker has been advised of and has agreed to accept the proposed employment subject to the provisions of 11 U.S.C. § 328(a). Broker understands that the Bankruptcy Court may allow compensation different from the compensation set forth herein if the Court subsequently determines that such agreed upon terms are improvident in light of developments that could not have been anticipated at the time the Application was approved.

11. I understand and agree that no compensation or reimbursement will be paid except upon application to or approval by the Bankruptcy Court after notice to all creditors of the Debtor's estate or upon such notice as the Bankruptcy Court may hereafter order.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this _13_ day of April, 2010, at Los Angeles, California.

_____
LAURA J. DAVIS



CALIFORNIA
ASSOCIATION
OF REALTORS®

# RESIDENTIAL LISTING AGREEMENT
(Exclusive Authorization and Right to Sell)
(C.A.R. Form RLA, Revised 2/09)

1. **EXCLUSIVE RIGHT TO SELL:** _____ *Edward Wolkowitz- Trustee* _____ ("Seller")
   hereby employs and grants _____ *Coldwell Banker* _____ ("Broker")
   beginning (date) *April 2, 2010* and ending at 11:59 P.M. on (date) *October 1, 2010* ("Listing Period")
   the exclusive and irrevocable right to sell or exchange the real property in the City of _____ *Rosemead* _____,
   County of _____ *Los Angeles* _____, Assessor's Parcel No. *5287-019-003* ,
   California, described as: *7853 Dorothy St Rosemead 91770* ("Property").

2. **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
   ADDITIONAL ITEMS EXCLUDED: _____
   ADDITIONAL ITEMS INCLUDED: _____
   Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: (i) the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and (ii) Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

3. **LISTING PRICE AND TERMS:**
   A. The listing price shall be: *Four Hundred Thousand*
      _____ Dollars ($ *400,000.00* ).
   B. Additional Terms: _____

4. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ *6.000* percent of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____
      AND _____ , as follows:
      (1) If during the Listing Period, or any extension, Broker, Seller, cooperating broker, or any other person procures a buyer(s) who offers to purchase the Property on the above price and terms, or on any price and terms acceptable to Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period.)
      OR (2) If within _____ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: (i) who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker; or (ii) for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 4A(2) unless, not later than 3 calendar days after the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.
      OR (3) If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
   B. If completion of the sale is prevented by a party to the transaction other than Seller, then compensation due under paragraph 4A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Seller agrees to pay Broker: *6 percent of the Sale price Subject to Bankruptcy*
   D. Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers. *court*
      (1) Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) *approval* ("MLS") by offering MLS brokers either ☐ _____ percent of the purchase price, or ☐ $ _____ *only*
      (2) Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   E. Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may *upon*
      submit this Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property *done*
      involving Seller and a buyer, Prospective Buyer or other transferee.
   F. (1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, *of*
      unless specified as follows: _____
      (2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the *escrow*
      Property is transferred to any of the following individuals or entities: _____
      (3) If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: (i) Broker is not entitled to compensation under this Agreement; and (ii) Broker is not obligated to represent Seller in such transaction.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
RLA REVISED 2/09 (PAGE 1 OF 3)

Seller acknowledges receipt of a copy of this page.
Seller's Initials ( _____ ) ( _____ )
Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 3)**

| Agent: Laura Davis | Phone: 310.642.7231 | Fax: 310.216.1570 | Prepared using WINForms® software |
| Broker: Coldwell Banker - WESTCHESTER 5450 Lincoln Blvd. Los Angeles , CA 90094 | | | |

EXHIBIT 1
8

Property Address: 7853 Dorothy St Rosemead 91770
Rosemead,    Date: April 2, 2010

5. **OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows: _Subject to bankruptcy court approval_.

6. **MULTIPLE LISTING SERVICE:** All terms of the transaction, including financing, if applicable, will be provided to the selected MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Seller authorizes Broker to comply with all applicable MLS rules. MLS rules allow MLS data about the Property to be made available by the MLS to additional Internet sites unless Seller gives Broker instructions to the contrary. MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 48 hours or some other period of time after all necessary signatures have been obtained on the listing agreement. However, Broker will not have to submit this listing to the MLS or can prohibit this listing or certain information from or about it from appearing on certain internet sites if, Broker submits to the MLS such an instruction signed by Seller (C.A.R. Form SEL or the locally required form). Information about this listing will be provided to the MLS of Broker's selection unless a form instructing Broker to the contrary is attached to this listing Agreement.

7. **SELLER REPRESENTATIONS:** Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.

8. **BROKER'S AND SELLER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary and advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium. Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property. Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney fees arising from any incorrect information supplied by Seller, or from any material facts that Seller knows but fails to disclose.

9. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

10. **AGENCY RELATIONSHIPS:**
    A. **Disclosure:** If the Property includes residential property with one-to-four dwelling units, Seller shall receive a "Disclosure Regarding Agency Relationships" form prior to entering into this Agreement.
    B. **Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 4F.
    C. **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Seller and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and such Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: (i) Broker, without the prior written consent of Seller, will not disclose to Buyer that Seller is willing to sell the Property at a price less than the listing price; (ii) Broker, without the prior written consent of Buyer, will not disclose to Seller that Buyer is willing to pay a price greater than the offered price; and (iii) except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.
    D. **Other Sellers:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement.
    E. **Confirmation:** If the Property includes residential property with one-to-four dwelling units, Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

11. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: (i) to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and (ii) to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller.

12. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox.

13. **SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

14. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

15. **ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A.

16. **ADDITIONAL TERMS:** _Trustee sale subject to the rules of the US bankruptcy court. Sale shall be subject to overbid and "as is" where is" without any representations and warranties. Also, see addedndum attached hereto and incorporated herein_

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
RLA REVISED 2/09 (PAGE 2 OF 3)

Seller acknowledges receipt of a copy of this page.
Seller's Initials (_____) (_____)
Reviewed by _____ Date _____

RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 2 OF 3)

EQUAL HOUSING OPPORTUNITY

7853 Dorothy

EXHIBIT 1
9

Property Address: 7853 Dorothy St Rosemead 91770
Rosemead, _____ Date: April 2, 2010

17. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within 5 Days After its execution.
18. **SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.
19. **DISPUTE RESOLUTION:**
    A. ~~MEDIATION: Seller and Broker agree to mediate any dispute or claim arising between them out of this Agreement, or any~~ resulting transaction, before resorting to arbitration or court action, subject to paragraph 19B(2) below. Paragraph 19B(2) below applies whether or not the arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.
    B. **ARBITRATION OF DISPUTES:** (1) Seller and Broker agree that any dispute or claim in law or equity arising between them regarding the obligation to pay compensation under this Agreement, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph 19B(2) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California law. The parties shall have the right to discovery in accordance with California Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.
    (2) **EXCLUSIONS FROM MEDIATION AND ARBITRATION:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in California Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.
    "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."
    ~~"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."~~

    Seller's Initials _____ / _____     Broker's Initials _____ / _____

20. **ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.

Seller _____ Edward Wolkowitz- Trustee Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Seller _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Firm) _____ Coldwell Banker DRE Lic. # 175500431
By (Agent) _____ Laura Davis DRE Lic. # 01211435 Date _____
Address _____ City _____ State _____ Zip _____
Telephone (310)305-4227 Fax (310)578-8393 E-mail Laura4Homes@earthlink.net

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____    EQUAL HOUSING OPPORTUNITY

**RLA REVISED 2/09 (PAGE 3 OF 3)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 3)**        7853 Dorothy

EXHIBIT L
10

## ADDENDUM TO RESIDENTIAL LISTING AGREEMENT

Additional Terms to Exclusive Authorization and Right to Sell Agreement:

These terms supplement, amend and supercede the terms of the foregoing Residential Listing Agreement (Exclusive Authorization and Right to Sell) ("Exclusive Authorization") between Coldwell Banker - Westchester, ("Broker") and Edward M. Wolkowitz, Chapter 7 Trustee of the Bankruptcy Estate of Lorenzo Maldonado ("Seller") as follows:

1. The Seller of the real property located at 7853 Dorothy Street, Rosemead, California (hereinafter the "Real Property") is Edward M. Wolkowitz, Chapter 7 Trustee of the Bankruptcy Estate of Lorenzo Maldonado, Case No. 2:09-bk-22101-SB pending in the Central District of California.

2. To the degree that the Exclusive Authorization conflicts with this Addendum, this Addendum controls and the Exclusive Authorization is not binding and is superceded.

3. The foregoing Exclusive Authorization and this Addendum are unenforceable and of no legal effect, unless and until approved the Bankruptcy Court. Any and all sales of the Real Property are subject to review and approval by the Bankruptcy Court, and any proposed sale is subject to overbid at the time of the hearing on any motion to approve the sale.

4. Because the sale of the Real Property is a bankruptcy sale, any such sale shall be "as-is" and without any warranties whatsoever.

5. Any and all disputes in connection with the Exclusive Authorization and/or this Addendum are subject to the exclusive jurisdiction and venue of the United States Bankruptcy Court located in Los Angeles, California.

6. No fees shall be paid and no costs shall be reimbursed unless and until ordered by the Bankruptcy Court under 11 U.S.C. sections 330 and/or 331. Any and all such fees and costs shall be the sole and exclusive liability of the Bankruptcy estate.

7. To the extent that liens, claims, or encumbrances against the property, if any, make a sale infeasible or unprofitable to the Bankruptcy Estate, then the Seller may at his option terminate the Exclusive Authorization and cancel any proposed sale thereunder. In such case, the Broker agrees to fully and completely release Seller from any and all obligations under the Exclusive Authorization.

8. The Exclusive Authorization shall automatically terminate in the event that the Real Property is not sold for any reason, and in that event then the Broker agrees to fully and completely release Seller from any and all obligations thereunder.

Dated: April ___, 2010

_____
EDWARD M. WOLKOWITZ
Chapter 7 Trustee

COLDWELL BANKER-WESTCHESTER

Dated: April 12, 2010

By_____
LAURA DAVIS
Listing Agent

EXHIBIT 1

11

Apr 01 10 01:06p    Laura & Jack Davis    (310)216-0656    p.9

5450 Lincoln Blvd  
Playa Vista CA 90094

Phone 310-490-0474  
Fax 310-578-8393  
E-mail led4re@earthlink.net

# Laura J. Davis

| | |
|---|---|
| **Education** | 1984 – 1988   Johnson and Whales University   Providence, Rhode Island  **Business Management** |
| **Professional experience** | 1994 - 2008            Coldwell Banker            Los Angeles California  Realtor  Consultative sales- Prospecting for potential buyers and sellers through professional affiliations, personal circles and referrals. Maintaining relationships over extended periods of time with principles and families of principles. Representing buyers and sellers through the real estate transactions. |
| **Professional memberships** | Member of many multiple listing services |

| | |
|---|---|
| **West Side MLS** | **Citrus Valley MLS** |
| **South Bay MLS** | **Inland Valley MLS** |
| **Orange County MLS** | **Corona/ Norco MLS** |
| **Foothill MLS** | **Southern California MLS** |
| **Conejo Valley MLS** | **Simi Valley MLS** |
| **San Fernando Valley MLS** | **Santa Clarita MLS** |
| **Arcadia MLS** | |

Member of National Association of Realtors

Member of California Association of Realtors

Member of Beverly Hills/ Greater Los Angeles Association of Realtors

| | |
|---|---|
| **Objective** | To obtain a sales position within a field where there is room to grow and in which my skill set can be utilized |
| **Awards received** | International Presidents Elite (top 3% agents internationally) 1998-2009 |

EXHIBIT 2  
/2

| | |
|---|---|
| In re: LORENZO MALDONADO, | CHAPTER 7 |
| Debtor(s). | CASE NUMBER 2:09-bk-22101-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 800 S. Figueroa Street, #1260, Los Angeles, CA 90017

A true and correct copy of the foregoing document described **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY COLDWELL BANKER AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATION IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 15, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Raymond Perez rperezlaw@elangeles.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL:**
On April 15, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Samuel L. Bufford, U.S. Bankruptcy Court, 255 E Temple St, Room 1582, Los Angeles, CA 90012
Debtor: Lorenzo Maldondo, 7853 Dorothy Street, Rosemead, CA 91770
Proposed Realtor: Laura J Davis, Coldwell Banker, 5450 Lincoln Blvd, Playa Vista, CA 90094

Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 15, 2010 | Katie Finn | *Katie Finn* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**